UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL TOPOREK,
                       Plaintiff,

        -v-

WALGREEN CO.,
                       Defendant.

22-CV-4766 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Michael Toporek brings suit against Defendant Walgreen Co. under New York General Business Law §§ 349 and 350 for false advertising in relation to its sale of pain-relieving lidocaine patches. Pending before the Court are Defendant's motion to dismiss and the parties' joint motion to consolidate this case and a related matter, *Stevens v. Walgreen, Co.*, 21-CV-10603.

      This action and the earlier-filed *Stevens* concern identical claims against the same defendant. On August 24, 2022, this Court issued an opinion and order in *Stevens* which granted in part and denied in part the motion to dismiss in that case. (21-CV-10603, Dkt. No. 20.) For the reasons explained in that opinion, the motion to dismiss in this case is likewise granted in part and denied in part.

      There is one substantive difference between the arguments for dismissal in the two actions: Defendant argues in this case that the "stay-put flexible patch" language printed on each product was non-actionable puffery. (Dkt. No. 24 at 16.) Defendant did not make a puffery argument in *Stevens*. The Second Circuit has identified two types of puffery: (1) "subjective statements of opinion which cannot be proven false" and (2) "statements that are provable but are so exaggerated that no reasonable buyer would be justified in relying on them." *Int'l Code*

1

*Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 60 (2d Cir. 2022). The "stay-put flexible patch" representation appears to fall into the second category. Because the "reasonable buyer" analysis "often requires extrinsic evidence of consumer impact," "such a fact-intensive inquiry typically should not be resolved on a motion to dismiss." *Id.* Moreover, even if the "stay-put flexible patch" language were puffery as a matter of law, the context of the language on the challenged products here — where it is used together with the "up to 12 hours" language — precludes dismissal at the pleadings stage. For these reasons, in addition to the reasons stated in this Court's August 24, 2022 opinion *Stevens v. Walgreen, Co.*, Defendant's motion to dismiss is denied.

As to the parties' motion to consolidate, Federal Rule of Civil Procedure 42(a)(2) permits consolidation where "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In determining whether to exercise its "broad discretion" to consolidate actions that satisfy that baseline criterion, a court must ask "[w]hether the specific risks of prejudice and possible confusion" that could arise from consolidation "[are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." *Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22, 25 (2d Cir. 2014) (summary order) (alterations in original) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).

The Court concludes that consolidation is warranted here. No party has opposed consolidation. The *Stevens* and *Toporek* actions assert essentially identical claims against

Walgreen Co., on behalf of an identical plaintiff class on the basis of identical factual allegations. Litigating these cases separately would be inefficient and raise the risk of inconsistent outcomes.

\* \* \*

For the foregoing reasons, Defendant's motion to dismiss is DENIED. The parties' joint motion to consolidate this case with 21-CV-10603 is GRANTED.

Pursuant to Federal Rule of Civil Procedure 42(a), this action is hereby consolidated with Case Number 21-CV-10603 for all purposes, including discovery, pretrial proceedings, and trial. Despite such consolidation, the consolidated cases "retain their separate identities." *Hall v. Hall*, 138 S. Ct. 1118, 1128-31 (2018). This order does not affect the rights of the parties in either of the consolidated cases.

**All future filings shall be in the lead case, 21-CV-10603.** The scheduling order in 21-CV-10603 (Dkt. No. 26) applies to this action as well.

Counsel in *Toporek v. Walgreen Co.* are directed to file appearances in *Stevens v. Walgreen, Co.*, 21-CV-10603, within 10 days if they have not already done so.

The Clerk of Court is directed to terminate the following motions in this case: Docket Numbers 19, 21, and 23. The Clerk is also directed to mark this case as closed.

SO ORDERED.

Dated: October 6, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge