**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DELENATOR STEVENS, individually on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>     v.<br><br>WALGREEN CO.,<br><br>      Defendant. | Consolidated Case No.: 1:21-cv-10603-JPO |
| MICHAEL TOPOREK, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>     v.<br><br>WALGREEN CO.,<br><br>      Defendant. | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

  **WHEREAS**, the Parties having agreed to the following terms for a Protective Order, and the Court having found that good cause exists for the issuance of an appropriately tailored Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1. The parties acknowledge that counsel in this action have other similar matters pending in courts around the country. The parties therefore agree that *all* documents and information produced in this consolidated action, whether or not marked as confidential, shall be used solely for the purpose of prosecuting or defending the above-captioned litigation only and shall not be disclosed or used for any other purpose, including but not limited to, any other litigations, whether pending or contemplated, even if under cover of a common interest privilege or any other privilege, *unless* otherwise agreed to by counsel for the parties, in writing or by order of the Court for good cause shown. For the avoidance of doubt, this paragraph is not intended to limit the parties' ability to fairly and efficiently litigate similar cases, but rather, permits the parties and the Court the opportunity to determine in what particular circumstances information may be shared across actions.

2.	Counsel for any party may designate any document or information, in whole or in part, as "Confidential" or Highly Confidential - Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information, including the names, addresses and any other information identifying absent members of the putative class, if such information exists in Defendant's possession, or is even relevant to this action prior to the time that class notice is to be provided, in the event that a class is finally certified pursuant to Fed. R. Civ. P. 23.

3.	Information and documents designated by a party as confidential or highly confidential will be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains the confidential material or, if the information is produced in some form other than in a writing, in a prominent place on the exterior of the item.

4.	For testimony given in deposition or in other pre-trial proceedings, testimony transcripts, testimony exhibits, and video recordings shall be treated as confidential for thirty (30) days after receipt of the final transcript to allow time for designation of confidential material. The designating party shall designate and specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in writing to all parties. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

5.	In the event a party challenges another party's designation of confidentiality, counsel for the parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the confidential or highly confidential information.

6.	All documents designated as "Confidential" shall not be disclosed to any person, except:

    a.	The parties to this action;

    b.	Counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    c.	As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.	Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an agreement to be bound by this Order, in the form annexed as Exhibit A hereto;

   e. Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an agreement to be bound by this Order, in the form annexed as Exhibit A hereto;

   f. Court reporters, stenographers, or videographers engaged to record or transcribe depositions conducted in this action; and

   g. The Court and its support personnel.

 7. Prior to disclosing or displaying the document or information designated as "Confidential" to any person referred to in subparagraphs 6(d) and 6(e) above, counsel must

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

   c. Require each such person to sign an agreement to be bound by this Order in the form annexed as Exhibit A hereto; and

   d. Retain the signed agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

 8. The "Highly Confidential - Attorneys' Eyes Only" designation is reserved for those circumstances where the producing party believes that any documents, things, or information contains confidential information of a highly sensitive nature, and the producing party has a good faith belief that, notwithstanding the terms of this Order, disclosure of such information would cause the receiving party to obtain a business advantage over the producing party. Documents, information, or things designated "Highly Confidential - Attorneys' Eyes Only" may only be disclosed to counsel and in-house counsel identified in subparagraphs 6(a), and persons identified in subparagraphs 6(b), 6(c), 6(e), 6(f), 6(g).

 9. The disclosure of a document or information without a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential later. If so designated at a later point in time, the document or information shall thenceforth be treated as Confidential or Highly Confidential and subject to all the terms of this Stipulation and Order.

 10. All Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party

may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims nor constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Each person who has access to documents or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the inadvertently disclosed information for any purpose, except by order of the Court. The receiving party shall, within five (5) business days of notice of the inadvertent disclosure, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. Within five (5) business days of the notification that such inadvertently disclosed information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the inadvertently disclosed information. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the inadvertently disclosed information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information. Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently disclosed information. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

14. At the conclusion of litigation, documents and information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential if otherwise required by law or pursuant to a valid subpoena, provided that such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the producing party deems it appropriate to do so.

16. Each person bound by this Order, including but not limited to all those who have executed Exhibit A, agrees that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: November 28, 2022

/s/ Adrian Gucovschi
Adrian Gucovschi
GUCOVSCHI ROZENSHTEYN, PLLC
630 Fifth Avenue, Suite 2000
New York, NY 10111
Tel.: (212) 884-4230
adrian@gr-firm.com

Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Ave.,
New York, NY 10019
Tel.: (212)-989-9113
Fax: (212)-989-9163
jmarchese@bursor.com

Jason P. Sultzer
Daniel H. Markowitz
Joseph Lipari
Philip J. Furia
Justin A. Levy
THE SULTZER LAW GROUP P.C.
270 Madison Avenue
Suite 1800
New York, NY 10016
Tel.: (347) 657-5533
Fax: 888-749-7747
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com

        liparij@thesultzerlawgroup.com
        furiap@thesultzerlawgroup.com
        levyj@thesultzerlawgroup.com

*Attorneys for Plaintiffs Delenator Stevens and Michael Toporek*

Dated: November 28, 2022    By:  /s/ Deborah H. Renner

        Deborah H. Renner
        John R. Vales
        Sara Gates
        DENTONS US LLP
        1221 Avenue of the Americas
        New York, New York 10020
        Tel.: (212) 398-5793
        Fax: (212) 768-6800
        deborah.renner@dentons.com
        john.vales@dentons.com
        sara.gates@dentons.com

*Attorneys for Defendant Walgreen Co.*

Dated: New York, New York
      November 29, 2022

SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

6

**Exhibit A**

**<u>Agreement</u>**

I, _____, acknowledge that I have read and understand the Protective Order in this consolidated action, *Stevens v. Walgreen Co.* and *Toporek v. Walgreen Co.*, Case No. 1:21-cv-10603-JPO, governing the non-disclosure of those portions of discovery material that have been designated as confidential. I have been informed by counsel that certain documents or information to be disclosed to me in connection with the action have been designated as "CONFIDENTIAL" and are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I agree that, at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED:

_____
Signed in the presence of:

_____
(Attorney)